UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ALEXANDER HYMES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 07-502 |
| BURL CAIN, WARDEN | SECTION: R |

**ORDER AND REASONS**

Before the Court is petitioner Alexander Hymes's Motion for a Certificate of Appealability (R. Doc. 21).

The Rules Governing Section 2254 Proceedings were amended in 2009, and Rule 11 now provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to

deserve encouragement to proceed further.'" 537 U.S. at 336. With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Hymes's motion does not satisfy these standards. As detailed in the Magistrate Judge's ruling, all of his claims are barred either procedurally, on the merits, or both. Hymes makes no attempt to address these determinations, and nothing he has submitted to the Court, either in his original petition, his objections to the Magistrate's Report and Recommendation, or his Motion for Certificate of Appealability, cast doubt on the accuracy of the Magistrate's analysis. His contentions therefore do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists.

For the foregoing reasons, Turner's motion for a certificate of appealability is DENIED.

**New Orleans, Louisiana, this 12th day of April, 2010.**

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**