UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEXANDER HYMES | CIVIL ACTION |
| VERSUS | NO: 07-502 |
| BURL CAIN, WARDEN | SECTION: R |

**ORDER AND REASONS**

Before the Court is petitioner Alexander Hymes's motion to appeal *in forma pauperis*. Hymes is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. He was convicted in state court on multiple counts of robbery and in May of 2001 was sentenced to a total term of imprisonment of 138 years.

After unsuccessfully proceeding through the state appeal and post-conviction process, Hymes filed a habeas corpus petition asserting a number of claims. These claims included a challenge to the state-court's jury instructions, a contention that his counsel was constitutionally ineffective, a Fourth Amendment claim, and an assertion that his *Miranda* rights were violated. The Magistrate Judge recommended that all of his claims be denied because they were either procedurally barred or frivolous.[1] This Court adopted the Report and Recommendation and declined to issue

---

[1] R. Doc. 16.

1

a certificate of appealability.[2]  Hymes now moves to proceed with his appeal *in forma pauperis*.

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor."[3]  A court may dismiss the case at any time if it determines that "the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief.[4]  A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*.[5]  The district court must inquire as to whether the costs of appeal would cause an undue financial hardship.[6]

---

[2] R. Doc. 18, 22.

[3] 28 U.S.C. § 1915(a)(1).

[4] *Id.* § 1915(e).

[5] *See Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship.").

[6] *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept.  However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's

Hymes's motion to proceed *in forma pauperis* indicates that he had an average monthly balance of $185.78 for the six months prior to the motion's filing. Hymes reports no other accounts or resources and he is not employed.[7] This may suggest that he is unable to pay such fees.

Hymes has not, however, indicated to the Court which issues he intends to pursue on appeal. A litigant who wishes to proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal."[8] Hymes did not comply with these rules.[9] Without a statement of the issues he intends to pursue on appeal, the Court cannot find that this appeal involves "legal points arguable on their merits (and therefore

---

inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

[7] His motion is difficult to interpret. It indicates that he has a present account balance of "$78.05 (D)" and "$254.77 (S)," but does not explain the difference between these two figures. R. Doc. 24 at 3. In addition, there is reason to suspect that it is not entirely accurate. For example, it states that he is not presently incarcerated. *Id.* at 1.

[8] FED. R. APP. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1) (requiring affidavit to "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress").

[9] *See, e.g., Smith v. School Bd. of Brevard County*, No. 09-2033, 2010 WL 2026071, at *1 (M.D. Fla. May 20, 2010); *United States v. One 2000 Land Rover*, No. 07-382, 2008 WL 4809440, at *2 (S.D. Ala. Oct. 24, 2008); *Wentworth v. Morgan*, 2007 WL 710167, at *1 (E.D. Ky. Mar. 7, 2007); *Carson v. AJN Holdings*, No. 05-294, 2007 WL 843845, at *1-2 (E.D. Tenn. Mar. 19, 2007).

not frivolous)."[10]

## III. CONCLUSION

Accordingly, Hymes's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this ___1st___ day of July, 2010.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

---

[10] *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also McQueen v. Evans*, No. 95-50474, 1995 WL 17797616, at *2 (5th Cir. Oct. 11, 1995) (failure to present arguments for appeal in IFP motion constitutes abandonment of those arguments).